UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:04-CR-43-1-F

UNITED STATES OF AMERICA,            )
                                     )
            v.                       )            O R D E R
                                     )
MARCUS O. SMITH,                     )
            Defendant.               )

This matter is before the court on Marcus O. Smith's Motion to Correct Judgment [DE-29] seeking an order from this court amending or "correcting" his Judgment, entered more than seven years ago, directing the Bureau of Prisons to credit his sentence with time he served in state custody between November 2003 and February 2005. The record reflects that Smith was in state custody at the time he was sentenced, and that he was returned to the North Carolina Department of Correction the day after sentence was imposed in this case on August 3, 2004. *See* [DE-9].

It further appears that on a date after January 31, 2003, Smith was arrested in Onslow County, North Carolina, following execution of a search warrant at his home. State charges of Trafficking in Cocaine, Possession of Stolen Firearm, Maintaining a Vehicle/Dwelling/Place for Controlled Substances, Special ID Fraud violation, Resisting Public Officer, and Possession of a Firearm by a Felon, were *dismissed* in lieu of this federal prosecution for the single count of Felon in Possession of a firearm.

However, it further appears that Smith pled guilty to an unrelated state charge of possession of a firearm by a felon in the Pender County Superior Court in case No. 00-CRS-050815. He was sentenced to serve a term of 20-24 months in the North Carolina Department of Correction, with a projected release date of February 2005. The conduct that resulted in that state conviction and sentence allegedly occurred on or about October 29, 2001. It *does not*

appear to have been related to the arrests in 2003 leading to the instant federal conviction and sentence. Consequently, Smith would not be entitled to credit for that time off his instant sentence.

However, if Smith nevertheless wishes to pursue the manner in which his sentence is being executed or administered, he must do so by initiating a habeas action pursuant to 28 U.S.C. § 2241. Such an action requires demonstration that the inmate exhaust his administrative remedies, and it must be filed in the federal district in which he is incarcerated. According to the correspondence accompanying the instant motion, Smith is in federal custody in South Carolina.

Smith's Motion to Correct Judgment is DENIED, and this action is DISMISSED.

SO ORDERED.

This the 10th day of April, 2012.

JAMES C. FOX
Senior United States District Judge